# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WILLIAM R. SMITH,**
**Claimant Below, Petitioner**

**FILED**

July 6, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 16-0699** (BOR Appeal No. 2051079)
(Claim No. 2014028705)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William R. Smith, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Jillian L. Moore, its attorney, filed a timely response.

The issue on appeal is the appropriate amount of a permanent partial disability award to be granted to Mr. Smith as a result of the compensable injury in this claim. This appeal originated from the August 12, 2014, claims administrator's decision granting no permanent partial disability award. In its January 15, 2016, Order, the Workers' Compensation Office of Judges affirmed the decision. The Board of Review's Final Order dated June 24, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

William R. Smith, a pipe fitter, was injured in the course of his employment on March 31, 2014, when he fell through a walkway and landed two feet below, striking his back on a railing. On April 22, 2014, the claims administrator held the claim compensable for thoracic and lumbar sprains. Mr. Smith underwent three independent medical evaluations in an effort to assess any permanent impairment arising from the compensable injury.

1

It is noteworthy that Mr. Smith has a significant history of prior back injuries as well as degenerative conditions. On January 6, 2010, Mr. Smith sustained a compensable injury to his back in a prior claim. The claim was held compensable for contusions of the back and elbow; knee, leg, and neck sprains; and thoracic and lumbar sprains. An MRI taken shortly after the accident revealed degenerative disc signal from L1-2 through L5-S1, inclusive. At L1-2 and L2-3, there were mild bilateral facet degenerative changes and mild to moderate disc bulging with moderate canal stenosis. At L2-3, there was also a small annular tear centrally. At L3-4, there was mild facet degenerative change but no significant disc bulging or canal stenosis. The claims administrator granted Mr. Smith a 16% permanent partial disability award, which included 8% for the lumbar sprain and 0% for the thoracic sprain.

Mr. Smith underwent his first independent medical evaluation in the instant claim on June 16, 2014. Michael Condaras, D.C., found that Mr. Smith had not yet reached maximum medical improvement. It was his opinion that Mr. Smith would be at maximum medical improvement following three to four weeks of chiropractic care at three visits per week. Although Dr. Condaras determined that Mr. Smith had not reached maximum medical improvement, he still proceeded to provide an impairment rating. He assessed 0% whole person impairment for the thoracic spine. Regarding the lumbar spine, he assessed 10% whole person impairment but noted that Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) would not be used due to Mr. Smith's prior injury and advanced degenerative changes. Dr. Condaras adjusted the impairment to 8% under West Virginia Code of State Rules §85-20-C (2006). On August 12, 2014, the claims administrator granted Mr. Smith no award based on Dr. Condaras's report, noting that because Mr. Smith previously received an 8% permanent partial disability award for the lumbar spine, no additional award would be granted.

Mr. Smith underwent a second independent medical evaluation performed by Bruce Guberman, M.D., on October 23, 2014. Dr. Guberman's impression was chronic, post-traumatic strain of the lumbar spine and thoracic spine. Upon physical examination, he noticed range of motion abnormalities in both the thoracic and lumbar spine. Dr. Guberman determined Mr. Smith was at maximum medical improvement and no further treatment was necessary. He assessed 5% whole person impairment for the lumbar spine and 7% for the range of motion abnormalities, which combined and then adjusted to 8%. Noting that Mr. Smith previously received an 8% impairment rating for his prior lumbar spine injury occurring in 2010, Dr. Guberman determined no additional impairment of the lumbar spine was recommended. Regarding the thoracic spine, Dr. Guberman assessed 2% whole person impairment. He assessed 3% for the range of motion abnormalities, which combined to 5%. Because Mr. Smith had not previously received an award for the thoracic spine, Dr. Guberman concluded a total of 5% whole person impairment for the compensable injury was appropriate.

On August 14, 2014, Mr. Smith underwent an independent medical evaluation performed by Prasadarao Mukkamala, M.D. Dr. Mukkamala diagnosed thoracic and lumbar sprains. He noted that Mr. Smith had pre-existing degenerative spondyloarthropathy, which was not compensable. Dr. Mukkamala concluded that Mr. Smith had reached maximum medical

improvement and provided an impairment rating. He found there was no range of motion impairment and assessed 0% whole person impairment for the thoracic spine. He assessed 9% for the lumbar spine, which adjusted to 8% per West Virginia Code of State Rules §85-20-C. As Mr. Smith already received 8% for a prior back injury, Dr. Mukkamala determined he was fully compensated for his lumbar spine.

On January 15, 2016, the Office of Judges affirmed the claims administrator's decision granting no permanent partial disability award. The Office of Judges began by noting that the sole issue is the impairment rating for the thoracic spine. Mr. Smith's evidence showed a finding of 8% for the lumbar spine that had already been fully compensated. Regarding the instant claim, an x-ray report of the thoracic spine revealed no acute findings but mild multilevel degenerative changes were noted. The Office of Judges reviewed the three independent medical evaluation reports and ultimately found that Dr. Mukkamala's report was the most convincing. Dr. Condaras rated Mr. Smith prior to finding he had reached maximum medical improvement, which is not standard practice. Dr. Guberman's report was not found to be persuasive because he failed to take into account the degenerative and pre-existing conditions noted to be present in x-rays, as well as noted by the other evaluators. Further, Dr. Guberman's evaluation took place between those of the other evaluators yet Dr. Guberman was the only one to assess an impairment rating due to range of motion abnormalities. For the stated reasons, the Office of Judges found that Dr. Mukkamala's opinion was the most reliable and affirmed the claims administrator's decision. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 24, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Smith has a documented history of degenerative changes in the spine which Dr. Guberman failed to consider in his evaluation. Dr. Guberman additionally assessed impairment for range of motion abnormalities which no other medical professional of record has corroborated. Dr. Mukkamala's impairment rating is persuasive and supported by the evidence.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 6, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker